a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **DEONTAY DESHUN HARDY,** Petitioner | **CIVIL DOCKET NO. 1:19-CV-0885-P** |
| **VERSUS** | **JUDGE DRELL** |
| **10TH JUDICIAL DISTRICT COURT,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Deontay Deshun Hardy. (Doc. 1). Hardy is an inmate at the Natchitoches Parish Detention Center. Hardy claims that his probation was wrongfully revoked, and that the charges currently pending against him should be dismissed.

Because Hardy's challenge to his sentence must be brought under § 2254, and Hardy's challenge to his ongoing criminal proceeding must be exhausted, Hardy's Petition (Doc. 1) should be DISMISSED.

## I.    Background

Hardy was convicted of attempted armed robbery in 2015 and sentenced to 10 years at hard labor. (Doc. 1-2, p. 5). The sentence was suspended, and Hardy was placed on probation for a term of five years. (Doc. 1-2, p. 5).

On May 3, 2015, Hardy was arrested for armed robbery and resisting an officer. (Doc. 1-2, p. 5). According to Hardy, the charges remain pending. (Docs. 1, 5).

Because of the new arrest, Hardy's probation was revoked by the district judge at a hearing on August 23, 2016.  Hardy was ordered to serve the original 10-year sentence with credit for time served.  (Doc. 1-2, p. 15).

Hardy alleges that his probation was wrongfully revoked, and that officers lacked probable cause to arrest him in 2016.  (Doc. 5, p. 2).

## II.    <u>Law and Analysis</u>

### A.    <u>Hardy's claim regarding the imposition of his suspended sentence must be raised in a § 2254 petition.</u>

Hardy's claim regarding the imposition of the suspended sentence must be raised in a petition under 28 U.S.C. § 2254, which applies to prisoners who are "in custody pursuant to the judgment of a State court" challenging their conviction or sentence.  28 U.S.C. § 2254; <u>see</u> <u>also</u> <u>Story v. Collins</u>, 920 F.2d 1247, 1250 (5th Cir. 1991) (§ 2254 specifically confers jurisdiction on the federal courts to consider collateral attacks on state court judgments).    Because Hardy's claim alleging the wrongful revocation of his probation pertains to his original conviction, the claim arises under § 2254.  Hardy cannot obtain relief through this § 2241 Petition.

### B.    <u>Hardy has not exhausted his claims regarding the pending charges, and the Court should abstain from interfering in the state proceeding.</u>

A state pretrial detainee may challenge the power and authority of the state to bring him to trial and the constitutionality or lawfulness of his present confinement by filing a petition for writ of habeas corpus pursuant to § 2241.  <u>See</u> <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987) (pre-trial petitions are properly brought under § 2241).  Pretrial federal habeas corpus petitions are discouraged under the

doctrine of abstention announced in <u>Younger v. Harris</u>, 401 U.S. 37, 45 (1970), which prohibits direct interference by a federal court with a pending state criminal prosecution.

Absent special circumstances, "[t]he <u>Younger</u> doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending." <u>DeSpain v. Johnston</u>, 731 F.2d 1171, 1177 (5th Cir. 1984). The <u>Younger</u> doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Bice v. Louisiana Pub. Defender Bd.</u>, 677 F.3d 712, 716 (5th Cir. 2012) (citing <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982)) (internal citations omitted). All three conditions are met here.

First, an order from this Court regarding probable cause in the ongoing state court proceeding would undoubtedly interfere with the proceeding. Second, "[t]he state has a strong interest in enforcing its criminal laws." <u>DeSpain</u>, 731 F.2d at 1176. Third, Hardy has an opportunity to litigate his claims before the trial court in the ongoing proceeding. Hardy can also raise his constitutional challenges on direct appeal or on post-conviction review. Thus, the Court must abstain from asserting jurisdiction under <u>Younger</u>.

Moreover, Hardy has not exhausted his claims in the ongoing criminal proceeding. Although there is no express statutory requirement that a pretrial detainee exhaust state court remedies prior to asserting his claims in federal court, the jurisprudence requires petitioners seeking relief under § 2241 to exhaust state court remedies before seeking federal intervention. See Dickerson, 816 F.2d at 224-225; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973); Robinson v. Wade, 686 F.2d 298, 303, n. 8 (5th Cir. 1983) ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.") (citations omitted).

## III. Conclusion

Because Hardy's challenge to his sentence must be brought under § 2254, and Hardy challenges an ongoing criminal proceeding without exhausting the claim in state court, IT IS RECOMMENDED that the § 2241 Petition be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of his claim.[1]

THE CLERK IS DIRECTED to send Hardy a § 2254 Petition, which he can file should Hardy choose to challenge his conviction.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 25th day of September 2019.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE